# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

| | |
|---|---|
| CHRISTIANA OGAMIEN, | Civil No. 09-1970 (JRT/FLN) |
| Petitioner, | |
| v. | |
| UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, Division of the Department of Homeland Security; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; JANET NAPOLITANO, Director of Department of Homeland Security; and SCOTT BANIECKE, St. Paul Field Office Director for Detention and Removal Operation, | **ORDER LIFTING THE TEMPORARY RESTRAINING ORDER AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS** |
| Respondents. | |

---

Richard L. Breitman, **BREITMAN IMMIGRATION LAW FRIM**, 2901 Metro Drive, Suite 501, Minneapolis, MN 55425, for petitioner.

Gregory G. Booker, Assistant United States Attorney,, **UNITED STATES ATTORNEY'S OFFICE**, 600 United States Courthouse, 300 Fourth Street South, Suite 600, Minneapolis, MN 55415, for respondents.

This case is before the Court on petitioner Christiana Ogamien's petition for writ of habeas corpus and motion for temporary restraining order ("TRO") arising out of Ogamien's imminent removal from the United States to her native country, Nigeria. On July 28, 2009, this Court temporarily granted Ogamien's motion for a TRO, enjoining United States Immigration and Customs Enforcement ("ICE") from deporting Ogamien,

and set a hearing on the matter for July 30, 2009. For the reasons discussed below, Ogamien's petition is denied and the TRO is lifted.

## BACKGROUND

On July 28, 2009, Ogamien filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 and a motion for a TRO in the United States District Court for the District of Minnesota. On July 30, Ogamien filed a supplemental pleading, asserting additional grounds in support of her habeas petition.

Ogamien is a 45-year-old Nigerian citizen who entered the United States on March 20, 1987, under a false passport that purported to permit her to remain in the country until April 10, 1987. That passport was obtained for Ogamien by her first husband, Guideon Ogbeide, who married Ogamien in Nigeria prior to bringing her to the United States.

Ogamien was arrested in February 1990 on immigration violations.[1] After an immigration judge concluded that Ogamien could be deported, Ogamien was granted voluntary departure until November 1990. Ogamien later sought extension of that time through a variety of methods, including seeking injunctive relief through a federal district court. In April 1991, the district court dismissed the request for injunctive relief pursuant to a settlement agreement reached between Ogamien and ICE, which required Ogamien

---

[1] On February 20, 1990, the Immigration and Naturalization Service ("INS") issued an Order to Show Cause, thereby initiating deportation proceedings.

to voluntarily depart the country on or before December 9, 1991.² Ogamien later filed three motions to reopen her deportation proceedings, the third of which was denied in October 1997. In March 1998, Ogamien's appeal of that third denial was dismissed. Although Ogamien was thereafter required to report to Detention and Removal on October 12, 1999, Ogamien failed to return to Detention and Removal after initially reporting.

Ogamien was finally arrested on May 12, 2008, but the government stayed removal in light of the grave illness and eventual death of Ogamien's daughter. Ogamien alleges in her petition that during the eight-and-a-half years after she was required to report to Detention and Removal, INS "put aside her file to defer removal from the United States." On July 27, 2009, Ogamien was again taken into custody. Ogamien filed a request with ICE for a stay of removal, but ICE denied that request on July 28, 2009.

## DISCUSSION

Ogamien now asserts that she is entitled to apply for a "U Visa," which could ultimately permit her to become a lawful permanent resident of the United States. She argues that her removal should be stayed pending the completion of the application for a U Visa. An alien is eligible for U-1 nonimmigrant status, and thus a U Visa, notwithstanding a final deportation order, if (1) "[t]he alien has suffered substantial

---

² In that settlement agreement, Ogamien agreed to the following condition: "[Ogamien] waives, relinquishes and abandons any and all rights to appeal, extend, continue or bring any court or administrative action, request or proceeding arising from the transactions or occurrences pleaded herein, or which could have been know as of the date of this agreement."

physical or mental abuse as a result of having been a victim of qualifying criminal activity";[3] (2) "[t]he alien possesses credible and reliable information establishing that he or she has knowledge of the details concerning the qualifying criminal activity upon which his or her petition is based"; (3) "[t]he alien has been helpful, is being helpful, or is likely to be helpful to a certifying agency in the investigation or prosecution of the qualifying criminal activity upon which his or her petition is based"; and (4) "[t]he qualifying criminal activity occurred in the United States."  8 C.F.R. § 214.14 (b)(1)-(4).

Ogamien alleges that she is eligible for U-1 nonimmigrant status because her first husband, Ogbeide, sexually and mentally abused her for several years while she lived in the United States.  Further, Ogamien asserts that she was helpful and cooperative with police who investigated that abuse.  Ogamien also asserts that it is in the public and national interest that she remain in the United States because she is the mother of four children, all UNITED STATES citizens, and is presently married to her second husband, also a UNITED STATES citizen.  In addition, Ogamien claims that she has not been back to her native Nigeria in twenty-two years and has not maintained connections or relationships with family members there.

## I.      JURISDICTION UNDER 8 U.S.C. § 1252

As an initial matter, the Court must determine whether it has jurisdiction to hear Ogamien's petition.  Respondents assert that regardless of the merits of Ogamien's

---

[3] "A series of acts taken together may be considered to constitute substantial physical or mental abuse even where no single act alone rises to that level . . . ."  8 C.F.R. § 214.14(b)(1).

U Visa application, the Court is precluded from exercising jurisdiction over the petition under 8 U.S.C. § 1252.  Under Section 1252(g), as amended by the REAL ID Act,

> [e]xcept as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, . . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

Consistent with §1252(g), § 1252(a)(5) makes clear that Congress granted exclusive jurisdiction to courts of appeals to review a final order of removal. ("Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an **appropriate court of appeals** in accordance with this section **shall be the sole and exclusive means for judicial review of an order of removal** entered or issued under any provision of this chapter. . . ." (emphasis added)); *see also Skurtu v. Mukasey*, 552 F.3d 651, 655 ("The REAL ID Act place[s] exclusive review of orders of removal with circuit courts." (internal quotation marks omitted)).

Ogamien's counsel conceded at the hearing that to the extent that this petition seeks review of the final order of removal, the Eighth Circuit Court of Appeals maintains sole jurisdiction over such review.  Under these circumstances, where Ogamien merely seeks time to apply for a U Visa in an effort to overturn the final order of removal, the Court concludes that it does not have jurisdiction to hear Ogamien's petition.  Although it is perhaps arguable that Ogamien's petition does not **directly** seek review of the final

order of removal, the Court need not ultimately rely only on § 1252 in reaching its conclusions. Indeed, the Court finds that even if it has jurisdiction to hear Ogamien's petition, Ogamien has failed to assert some statutory or constitutional violation or that she has otherwise suffered some legal wrong.

## II. PETITION FOR WRIT OF HABEAS CORPUS

In her initial petition for habeas corpus, Ogamien asserts that this Court has jurisdiction to hear her petition pursuant to 28 U.S.C. § 2241.[4] Under § 2241, the district court may issue a writ of habeas corpus, provided that the prisoner "is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; . . . is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or . . . is in custody in violation of the Constitution or laws or treaties of the United States." Ogamien claims that her petition under that statute is appropriate because her substantive due process rights were violated and because of a violation of a federal statute.

Ogamien first argues that she is entitled to bring a claim under § 2241 because removal from the United States would deprive her of a "substantive due process interest

---

[4] Ogamien also asserts separate bases for this Court's jurisdiction to rule on her petition pursuant to the Administrative Procedures Act, 5 U.S.C. § 702 ("A *person suffering legal wrong* because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof.") (emphasis added); the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.* (permitting the Court to declare the rights and legal relations of parties "[i]n a case of actual controversy"); and the All Writs Act, 28 U.S.C. § 1651. For the reasons discussed above, however, Ogamien's claims under those statutes similarly fail.

- 6 -

in remaining with her children." Ogamien premises that argument on the Supreme Court's holding in *M.L.B. v. S.L.J.* 519 U.S. 102 (1996), in which the Supreme Court held that "the interest of parents in their relationship with their children is sufficiently fundamental to come within the finite class of liberty interests protected by the Fourteenth Amendment." *Id.* at 119 (internal quotation marks omitted). *M.L.B.*, however, is inapplicable in this case. Although a parent's relationship with their children is a fundamental right for the purposes of substantive due process, Ogamien is being deprived of that right by the removal order issued by the immigration judge. As explained above, Ogamien may not challenge that order here and, regardless, Ogamien does not challenge the validity or accuracy of that order. In those circumstances, the Court concludes that Ogamien has not alleged enough to survive dismissal of her petition.

Ogamien also contends that "[r]emoval prior to adjudication of the U Visa application is contrary to the findings and purpose of Congress in creating the U Visa." (Supplement to Pet. for Writ of Habeas Corpus, Docket No. 11, ¶ 8.) Under the statute providing for application for U-1 nonimmigrant status, however,

> [a]n alien who is the subject of a final order of removal, deportation, or exclusion is not precluded from filing a petition for U-1 nonimmigrant status directly with USCIS. **The filing of a petition for U-1 nonimmigrant status has no effect on ICE's authority to execute a final order**, although the alien may file a request for a stay of removal . . . .

8 C.F.R. § 214.14(c)(ii) (emphasis added).

Indeed, this statutory language makes clear that Ogamien's removal prior to adjudication of her U Visa application is specifically contemplated in the text of the statute. Moreover, Ogamien has clearly exhausted the other option available to her: on

July 28, 2009, ICE denied Ogamien's request for a stay of removal and thereafter began proceedings to remove Ogamien from the United States.

In sum, even if the Court construes Ogamien's petition as requesting some relief other than a review of the final order of removal, Ogamien has failed to plead a basis on which the Court can provide relief, injunctive or otherwise.

The Court is especially cognizant of the difficult situation in which Ogamien has been placed: her four children and husband are U.S. citizens, she has lived in the United States since 1987, and she has not had contact with family or friends in Nigeria for twenty-two years. Although the execution of the order here appears somewhat premature or hasty in light of Ogamien's pending U Visa application, the Court is unable to provide injunctive relief as requested; ICE retains discretion in executing final orders of removal.

**ORDER**

Based upon the arguments of counsel and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Temporary Restraining Order [Docket No. 6] is **LIFTED**.

2. Ogamien's Petition for Writ of Habeas Corpus [Docket Nos. 1, 11] is **DISMISSED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: July 30, 2009             ____s/ John R. Tunheim____
at Minneapolis, Minnesota.            JOHN R. TUNHEIM
                                                                        United States District Judge